

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 15, 1961

Hon. William J. Burke
Executive Director
State Board of Control
Austin, Texas

Opinion No. WW-1224

Re: Whether the removal
of a portion of a
non-load bearing
wall for the purpose
of installing a door
and appropriate hard-
ware from which the
use and benefit would
be an improvement in
communications and
efficiency of the
offices in question
is prohibited by
Section 39 of Article
V, Senate Bill 1, 57th
Legislature and related

Dear Mr. Burke:                         question.

You have requested an opinion of this office on
the following two questions:

(1) Is the removal of a portion of a
non-load bearing wall for the purpose of in-
stalling a door and appropriate hardware
from which the use and benefit would be
an improvement in communications and efficiency
of the offices in question prohibited by the
language of Section 39 of Article V of the
General Appropriations Bill?

(2) Is the Board of Control prohibited
from installing necessary hand rails on the
outside steps required for the safety of
occupants and personnel employed by the State
in the State Office Building. Supreme Court
Building, the Archives and Library Building,
and the Insurance Building when such hand
rails and/or other related safety appliances
were inadvertantly overlooked in the cons-
truction of the buildings?

The answer to your questions depend  on an
interpretation of certain portions of the General

Appropriations Bill, Senate Bill 1, Acts of the 57th Legislature, First Called Session, 1961, which will hereinafter be referred to as the "Appropriations Bill." Section 39 of Article V of said bill reads as follows:

"BUILDING ALTERATIONS PROHIBITED. None of the funds appropriated in this Act may be expended for removing walls, partitions or any other permanent part of the first and second state office buildings, the Supreme Court building, the Archives and Insurance buildings except for such renovations that may be necessary for new offices or departments moving into such buildings, unless otherwise authorized and provided for elsewhere in this Act."

The appropriations to the Board of Control are listed in Article III of the Appropriations Bill and include in Item 12 thereof, an amount for repairs and improvements to the Capitol, other State buildings, grounds, and properties in Austin, including equipment, materials and labor ($42,500 for the year ending August 31, 1962, and $60,000 for the year ending August 31, 1963). Following the appropriation to the Board of Control in the Appropriations Bill, the following language is used which we quote in part:

"It is the intent of the Fifty-seventh Legislature that the appropriations made in Item 12 above shall be expended by the Board of Control for accomplishing the repairs and improvements listed below; such listing, however, is for informational purposes and shall not be construed as limiting the Board of Control to either the estimated amounts or to the listed items if unexpended balances permit other repairs and improvements deemed necessary and practical by the Board of Control.

"Informational sublisting of Item 12 above:

". . ." (Emphasis supplied)

It is clear that the Board of Control is specifically given the authority to make needed repairs and improvements to all State buildings under Articles 670 and 673, Vernon's Civil Statutes, if there are appropriated funds available for that purpose. (See Attorney General's Opinion WW-259 (1957).)

Your first inquiry deals with whether a portion of a non-load bearing wall can be removed for the purposes of installing a doorway, etc., therein. You have supplied the additional information to this office that there will be a sufficient unexpended appropriation balance to cover the project which you inquire about. In addition, you have pointed out that such a doorway installation would enhance the efficiency and communications of the office involved to a large extent.

> "We recognize that the wall, as constructed at the time the building was erected and/or completed, is a seperation wall, that it is not a load bearing wall and the installation of the door would in no way effect the efficiency and/ or strength of the building."

We are of the opinion that your first question should be answered in the negative. Section 39 of Article V of the Appropriations Bill prohibits the expending of appropriated funds for removing walls, partitions or any other permanent parts of the named buildings unless otherwise authorized and provided for in the Act. The portion of the Act following Item 12 of Article III under Board of Control of the Appropriations Bill quoted above authorizes the Board to use any unexpended balances under Item 12 to make such other repairs or improvements deemed necessary and practical by the Board. We take the position that the installation of this door, from the information which you supplied, falls within the meaning of "other repairs or improvements deemed practical by the Board," and since you state there are available unexpended funds under said Item 12, it appears to be within the perogative of the Board of Control to effectuate this improvement.

Further, Section 39 of Article V of the Appropriation Bill has reference to removing walls, partitions and other permanent parts of the buildings. In the strict technical sense, it appears that the addition of this doorway would not fall within this particular prohibition since it would not be necessary to remove the entire wall, and since you state that the installation of the door would in no way effect the efficiency or strength of the building. We believe this interpretation to be in line with the well-established rule that in statutory interpretation, an Act should be given a fair, rational, reasonable, and sensible construction in accordanc. with its language and subject matter and with a view of accomplishing the legislative intent

and purpose. McKinney v. City of Abilene, 250 S.W.2d 224 (Civ.App. 1952). We feel that any other interpretation would lead to an illogical and impractical conclusion.

In answer to your second inquiry, we feel the above reasoning applies with equal force, and that it should also be answered negatively. That is, it is our opinion that if the Board of Control finds it necessary and practical to add the named hand rails and safety devices, and if unexpended balances exist under Item 12 of Article III under the Board of Control of the Appropriations Bill, the Board has the perogative to make such additions. Hand rails and safety devices are certainly not logically within the meaning of "removing of walls, partitions or any other permanent part" of the named buildings under Section 39 of Article V of the Appropriations Bill, yet are logically "other repairs and improvements" under the Board of Control's appropriation, Item 12 of Article III.

S U M M A R Y

(1) The removal by the Board of Control of a portion of a non-load bearing wall for the purpose of installing a door from which use and benefit would be an improvement in communications and efficiency is not prohibited by Section 39 of Article V of the General Appropriations Bill.

(2) The Board of Control is not prohibited from installing the necessary hand rails and safety devices on the outside steps for the safety of occupants and personnel employed by the State in the named State buildings.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:dhs:kh

Pat Bailey
Assistant

Honoralbe William J. Burke, page 5 (WW-1224)


APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Elmer McVey
John Leonarz
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.